IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC IVEY and PATRICIA JONES | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17 CV 02986 |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-AR1, NATIONSTAR MORTGAGE LLC, and MORTGAGE CONTRACTING SERVICES, LLC, | ) ) ) ) ) ) ) ) ) | Honorable Judge Sharon Johnson Coleman<br><br>Magistrate Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM SUPPORTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PLAINTIFFS' FIRST AMENDED COMPLAINT**

Harry N. Arger
Molly E. Thompson
Dykema Gossett PLLC
10 S. Wacker Dr., Suite 2300
Chicago, IL 60606
(312) 876-1700 (phone)
(312) 627-2302 (fax)

Despite plaintiffs' amendments to their complaint, the relief plaintiffs seek in this action remains inextricably intertwined with a pending state court foreclosure action involving the same issues, parties, property, and loan. Plaintiffs ask this Court to consider and make binding determinations of issues of law and fact substantially similar to those currently before the foreclosure court, essentially vitiating the foreclosure court's jurisdiction under the Illinois Mortgage Foreclosure Law. The majority of plaintiffs' claims are a collateral attack on the foreclosure court and an attempt to relitigate matters either already decided or on which plaintiffs anticipate an unfavorable outcome. This Court should refuse to exert jurisdiction under the *Colorado River* abstention doctrine and dismiss under Fed. R. Civ. P. 12(b)(1). Several claims in this action must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiffs fail to state a claim upon which relief can be granted.

## I. STATEMENT OF FACTS

***Loan History and Loss Mitigation Programs.*** On April 25, 2005, plaintiffs obtained a $126,000 loan from Argent Mortgage Company, LLC (Argent) secured by an adjustable rate note and mortgage recorded against the property located at 15241 Blackstone Avenue, Dolton, Illinois 60419 (property).[1] (Doc#23 ¶¶ 1, 15-17.) On October 27, 2011, Argent assigned the mortgage to Deutsche Bank National Trust Company, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-AR1 ("Deutsche Bank"). (*Id.* ¶ 18.) Nationstar Mortgage, LLC ("Nationstar") is the current loan servicer. (*Id.* ¶ 21.)

Plaintiffs defaulted on their obligations under the note and mortgage prompting Deutsche Bank to initiate foreclosure proceedings in the Cook County Circuit Court on August 1, 2011

---

[1] This Court may take judicial notice of facts contained in the foreclosure action filings and documents recorded by the Cook County Recorder, which are matters of public record, without converting the instant motion into a motion for summary judgment. *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 n.4 (7th Cir. 2000); *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994).

1

(Case No. 2011 CH 27131), which were ultimately dismissed on January 14, 2014 because plaintiffs executed a home affordable modification agreement. (Doc#23 ¶ 25.) Plaintiffs then defaulted under the terms of the modification agreement by failing to make required monthly payments. (*Id.* ¶ 26.)

Following the second default, plaintiffs pursued alternatives to foreclosure. (*Id.*) On November 7, 2014, Nationstar advised plaintiffs they were conditionally approved for a deed in lieu of foreclosure. (*Id.* ¶ 31; Doc#23-2.) On December 15, 2014, plaintiffs executed a surrender of possession agreement. (Doc#23-3.) The agreement required plaintiffs to vacate the property by December 15, 2014 in exchange for $14,000. (*Id.*)

Plaintiffs purportedly vacated the property, but Nationstar did not complete the deed in lieu of foreclosure because of a perceived inability to clear title. (*See* Doc#23 ¶¶ 47-50.) On December 22, 2014, Nationstar informed plaintiffs it could not complete the deed in lieu of foreclosure and they could return to the property. (*See id.*) On December 23, 2014, the Illinois Attorney General's Office sent Nationstar an email requesting information about the status of the deed in lieu of foreclosure. (*Id.* ¶ 46.) On December 24, 2014, Nationstar sent a letter to plaintiffs explaining why the deed in lieu of foreclosure could not be completed. (*Id.* ¶ 49.) Nationstar also responded to the Illinois Attorney General's office on December 31, 2014 explaining it was concerned the title would not be clear because the assignment between the original loan servicer, Argent, and Bank of America, N.A. was not recorded. (*Id.* ¶ 50.) Nationstar permitted plaintiffs immediate access to the property. (*Id.* ¶ 51.)

***Pending Foreclosure Action.*** On February 13, 2015, Deutsche Bank again initiated foreclosure proceedings in the Cook County Circuit Court (Case No. 2015 CH 2537). (*Id.* ¶ 52.) After the court entered a default judgment on June 19, 2015 (Ex. A), plaintiffs appeared in the

2

foreclosure action and the court vacated default judgment on October 27, 2015 (Ex. B). Plaintiffs filed an answer and an affirmative defense on September 18, 2016. (Ex. C.) Plaintiffs challenged Deutsche Bank's standing to foreclose, contesting the validity of the assignment from Argent to Deutsche Bank. (*Id.* Affirm Def. ¶¶ 1, 3-7.)

Following discovery, on December 1, 2016, Deutsche Bank moved for summary judgment. (*See* Doc#23 ¶ 51.) Deutsche Bank attached a September 27, 2016 Nationstar loss mitigation affidavit to its motion. (Ex D, at Ex. III.) On April 25, 2017, plaintiffs filed their brief in opposition/cross-motion for summary judgment on their lack of standing affirmative defense. (Ex E.) Plaintiff Patricia Jones filed a certification in support of the motion. (Ex E, at Ex. A.) The certification mirrors substantial portions of the complaint in this lawsuit. (*See id.*; Doc#23.) Specifically, the certification recounts the loan history, the deed in lieu of foreclosure process, claims Deutsche Bank has no right to foreclose, and challenges the veracity of Nationstar's affidavit. (Ex E, at Ex. A.) On May 26, 2017, the court granted Deutsche Bank summary judgment with respect to liability, but, noting Deutsche Bank presented the original note in open court, denied its summary judgment motion with respect to standing and requested additional evidence establishing when Deutsche Bank acquired the note. (Ex. F.)

***Plaintiffs File Federal Complaint.*** On April 20, 2017, over two years after the foreclosure action was initiated and with Deutsche Bank's summary judgment motion pending in the state court, plaintiffs filed this action. (Doc#1.) The allegations in the original complaint are identical to those in plaintiffs' answer, affirmative defense, opposition to summary judgment, cross-motion for summary judgment, and Plaintiff Jones's certification. (Doc#1; Exs. C, E.) The only difference is the claims asserted based on these allegations. In their initial complaint, plaintiffs attempted to assert the following claims, which they still allege in the First Amended

3

Complaint: (1) Nationstar violated the Fair Debt Collection Practices Act (FDCPA) based on its September 27, 2016 loss mitigation affidavit filed in the foreclosure action; (2) Nationstar violated the Real Estate Settlement Procedures Act (RESPA) by failing to respond to the Illinois Attorney General's December 23, 2014 email; (3) defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) based on the inability to complete the deed in lieu of foreclosure and Deutsche Bank initiating the 2015 foreclosure action; and (4) Nationstar is liable under the doctrine of promissory estoppel claim for breaching the December 15, 2014 surrender of possession agreement.[2] (Doc#1 ¶¶ 88-146; Doc#23 ¶¶ 87-97, 98-116, 122-124, 153-168.)

***The First Amended Complaint.*** On September 25, 2017, while Nationstar's and Deutsche Bank's motion to dismiss or stay plaintiffs' Complaint pursuant was pending (Doc#15), the Court granted plaintiffs leave to file a First Amended Complaint, which was filed on October 10, 2017. (Docs##20, 22, 23.)

The First Amended Complaint adds the following factual allegations relating to Defendant Mortgage Contracting Services, LLC's ("MCS") winterization of the Property. On or about September 19, 2017, Plaintiff Jones, while in California, heard from a neighbor that people were in the Property. (Doc#23 ¶ 58.) Plaintiffs learned that MCS had winterized the Property, changed the locks and posted winterization and "no trespassing" notices at the Property. (*Id.* ¶¶ 59-61.) Nationstar's counsel then worked with plaintiffs' counsel to have the locks changed again and provided new keys to plaintiffs. (*Id.* ¶ 63.) Upon entering the Property, plaintiffs allegedly found that certain personal property was missing and other property was damaged. (*Id.* ¶ 10.)

---

[2] In the First Amended Complaint, plaintiffs also added a breach of contract claim in the alternative to the promissory estoppel claim. (Doc#23 ¶¶ 153-168.)

4

The First Amended Complaint includes the same claims that were asserted in the Complaint and adds the following new claims relating to MCS's alleged trespass into the Property: 1) Nationstar and MCS violated the FDCPA based on their alleged non-judicial actions to dispossess and of plaintiffs' property; (2) defendants violated the ICFA by entering and securing the Property (or by allegedly ordering MCS to enter and securing the Property) without any court order turning over possession; and (3) defendants committed the tort of trespass when defendants or their alleged agents allegedly entered and took possession of plaintiffs' property without any judicial order granting them authority to do so. (Doc#23 ¶¶ 69-86, 124-152.)

## II. STANDARDS OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction and the party asserting jurisdiction has the burden of proof. *Smith v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 110846, 2014 WL 3938547, at *2 (N.D. Ill. Aug. 12, 2014). Moreover, the court may look beyond the complaint's allegations and may consider other submitted evidence when making this determination. *Id.* This Court may also dismiss the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is insufficient if it simply "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 US. at 678.

## III. ARGUMENT

### A. This Court Should Dismiss The Complaint For Lack Of Jurisdiction Under The *Colorado River* Doctrine.

Dismissal is appropriate because the two actions are parallel, the foreclosure action was filed first and is procedurally much further along, and abstention avoids piecemeal litigation.

*Stampley v. LVNV Funding, LLC*, 583 F.Supp.2d 960, 966 (N.D. Ill. 2008). The *Colorado River* abstention doctrine permits a federal court to dismiss or stay an action when there is an ongoing parallel action in state court. *LaDuke v. Burlington Northern Railroad Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989). The purpose of the doctrine is to encourage "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation District* v. U.S., 424 U.S. 800, 817 (1976). The doctrine is applied when two steps are satisfied. First, a court must determine whether the concurrent state and federal actions are parallel. Second, whether the majority of ten factors, referred to as "exceptional circumstances," justify refraining the exercise of jurisdiction. *LaDuke*, 879 F.2d at 1559.

### 1. The pending foreclosure action is parallel to this action.

Under the *Colorado River* doctrine, a federal complaint stemming from a pending foreclosure action is parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum," the two suits are "parallel" under the doctrine. *Clark v. Lacy*, 379 F.3d 682, 686 (7th Cir. 2004) (internal quotations omitted). *See also Charles v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 173928, 2012 WL 6093903, at *4 (N.D. Ill. Dec. 5, 2012).

The parallel step is satisfied in this case. Deutsche Bank and plaintiffs are concurrently litigating in federal and state court. Nationstar's and Mortgage Contracting Services, LLC's inclusion in this proceeding and the amended claims relating to property preservation do not destroy the parallel nature of the two actions. *AAR Int'l, Inc. v. Nimelias Enters., SA.*, 250 F.3d 510, 518 (7th Cir. 2001) ("Suits need not be identical to be parallel, and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel."); *U.S. Bank Nat'l Ass'n v. EMC-Lincolnshire, LLC*, 2003 WL 22048097, at *5

(N.D. Ill. Aug. 28, 2003) (the presence of nine additional defendants did not preclude application of *Colorado River* doctrine); *Pirard v. Bank of America*, 2013 U.S. Dist. LEXIS 37540, 2013 WL 1154294, at *4 (N.D. Ill. Mar. 19, 2013); *Charles*, 2012 WL 6093903, at *4 (same).

Plaintiffs' allegations in this case substantially overlap with the allegations made in their answer, affirmative defense and summary judgement arguments raised in the foreclosure action. (*See* Doc#23 ¶¶ 15-57; Exs. C, E.) The different causes of action in the federal proceeding is of no consequence because additional claims do not break the parallelism existing when cases remain "substantially the same." *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700-701 (7th Cir. 1992). This is particularly true where, as here, the foreclosure court's disposition of the central issue—whether Deutsche Bank has the legal capacity to foreclose—will resolve nearly all of plaintiffs' claims. *Day v. Union Mines, Inc.*, 862 F.2d 652, 656 (7th Cir. 1988).

Plaintiffs' amended claims relating to property preservation also do not change the fact that the case is parallel because the substantial portion of this case would still be resolved by issues that are already being litigated in state court. *See Hughes v. Haas*, No. 4:11-cv-00033-SEB-WGH, 2013 U.S. Dist. LEXIS 23617, at *6 (S.D. Ind. Feb. 21, 2013), citing *LaDuke v. Burlington Northern R. Co.*, 879 F.2d 1556, 1561-62 (7th Cir. 1989); *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744 (7th Cir. 2006); *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1308 (7th Cir. 1988) ("[i]f abstention pursuant to *Colorado River* is deemed appropriate during the pendency of state litigation, usually the preferred action is to stay the entire case, rather than enter a dismissal or exercise partial jurisdiction over non-overlapping claims."). Moreover, plaintiffs' newly amended claims are predicated upon whether or not Deutsche Bank, Nationstar, or MCS had the authority to enter the Property prior to the state court's entry of an order of possession and the completion

of plaintiffs' foreclosure proceedings. Thus, even the amended the claims rely on the resolution of the issue under consideration in state court (*i.e.*, plaintiffs' default and Deutsche Bank's standing). This action is sufficiently parallel to warrant abstention under *Colorado River*. *See AAR Int'l, Inc.*, 250 F.3d at 518; *Smith*, 2014 WL 3938547, at *3.

>  2. *"Exceptional circumstances" support this Court abstaining jurisdiction and dismissing the complaint.*

The "exceptional circumstances" factors supporting application of the *Colorado River* doctrine weigh heavily in favor of refraining from exercising jurisdiction over this case. *See Gu v. Bank of Am.*, 2012 U.S. Dist. LEXIS 15281, 2012 WL 414805, at *2-4 (N.D. Ill. Feb. 8, 2012). The ten factors for consideration include:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Clark*, 376 F.3d at 685. The factors clearly support application of the *Colorado River* doctrine.

(**Factor 1**) Whether the state has assumed jurisdiction over property: This factor favors abstention because the Circuit Court of Cook County assumed jurisdiction over the property and subject loan over two years ago on February 13, 2015. (Doc#23 ¶ 52); *Petit v. Washington Mutual Bank, F.A.*, 2012 U.S. Dist. LEXIS 114362, 2012 WL 3437287, at *4 (N.D. Ill. Aug. 14, 2012) (favoring abstention because "the action has progressed significantly beyond the pleading stages and the Illinois Court has maintained its jurisdiction over the matter for more than two years.").

(**Factor 2**) The inconvenience of the federal forum: This factor is neutral because the physical distance between the federal and state forums is *de minimus*.

(**Factor 3**) The desirability of avoiding piecemeal litigation: If both actions proceed concurrently, there will be "duplicative and wasteful litigation," a result heavily favoring abstention. *E.g.*, *Starr v. Levin*, 2002 U.S. Dist. LEXIS 15551, 2002 WL 1941375, at *4 (N.D. Ill. Aug. 21, 2002) ("Of all the *Colorado River* factors, the desirability of avoiding piecemeal litigation weighs most heavily in favor of a stay in the present case."). The rationale being "[t]he integrity and authority of the judicial process must be preserved against inconsistent decisions and obligations on the parties." *Id.* Both actions involve resolution of the same central issue—Deutsche Bank's right to foreclose. Because the foreclosure action will resolve many of plaintiffs' claims in this action, "simultaneous consideration of [this action and the foreclosure action] would result in disfavored piecemeal litigation." *Charles*, 2012 WL 6093903, at *6. "Judicial economy favors the avoidance of piecemeal litigation" because "[n]either the two courts nor the parties should expend resources on two proceedings when one will do." *Pieleneau v. MERS, Inc.*, 2010 U.S. Dist. LEXIS 27968, 2010 WL 1251445, at *3 (N.D. Ill. Mar. 24, 2010). The foreclosure court already granted Deutsche Bank summary judgment with respect to liability and is adjudicating the sole remaining issue of standing. (Ex. F.) There is no need for this Court to litigate the same issue, wasting its own resources and forcing the parties to incur unnecessary legal expenses. *Schuller v. Am.'s Wholesale Lender*, 2015 U.S. Dist. LEXIS 119464, 2015 WL 5316413, at *5 (N.D. Ill. Sept. 9, 2015).

(**Factor 4**) The order in which jurisdiction was obtained by concurrent forums: The foreclosure action has been pending since February 13, 2015—over two years before plaintiffs filed this action. (Doc#23 ¶ 52.) This action was not filed until April 20, 2017, five months after Deutsche Bank filed for summary judgment in the foreclosure proceeding and only five days before plaintiffs filed their brief in opposition/cross-motion. *(See id.* ¶ 54; Exs. D, E.) Plaintiffs'

9

strategic decision to delay bringing this action weighs in favor of abstention. *Williams v. Quantum Serv. Corp.*, 2013 U.S. Dist. LEXIS 9497, 2013 WL 271669, at *4 (N.D. Ill. Jan. 23, 2013) ("the availability of removal, weighs in favor of abstention because plaintiffs . . . could have removed the state-court case to federal court instead of creating this second action."); *First Bank & Trust v. Richardson*, 2010 U.S. Dist. LEXIS 111437, 2010 WL 4136217, at *4 (N.D. Ill. Oct. 18, 2010).

(**Factor 5**) The source of governing law, state or federal: It is indisputable the governing law on the central issue—Deutsche Bank's right to foreclose—is the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15-1501 *et seq.*; *Smith*, 2014 WL 3938547 at *3. Plaintiff also asserts state law claims under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS § 505/2, and for trespass, promissory estoppel and breach of contract. Plaintiffs also assert federal statutory claims, but state foreclosure courts are well-equipped to protect plaintiffs' rights under the FDCPA and RESPA. *See Nieves v. Bank of America, N.A.*, No. 14-cv-2300, 2015 U.S. Dist. LEXIS 20383, 2015 WL 753977, at *6. (N.D. Ill. Feb. 20, 2015). This factor clearly favors abstention. *Petit*, 2012 WL 3437287 at *4.

(**Factor 6**) The adequacy of state-court action to protect the federal plaintiff's rights: Plaintiffs' rights are adequately protected because the foreclosure court can independently hear all the claims plaintiffs assert.[3] *See* 15 U.S.C. § 1692k(d) (FDCPA); 12 U.S.C. § 2614 (RESPA); *Silver v. Int'l Imagaing Elecs.*, 1997 U.S. Dist. LEXIS 2321, 1997 WL 97392, at *6 (N.D. Ill. Feb. 25, 1997).

(**Factor 7**) The relative progress of state and federal proceedings: The foreclosure action was filed on February 13, 2015 and this case was filed on April 20, 2017. (Doc#1; Doc#23 ¶ 52.)

---

[3] Plaintiffs very well could raise their claims in the ongoing state action in a counterclaim against Nationstar or a third-party complaint against MCS.

10

While the instant action is still at the pleading stage, the foreclosure court has already granted summary judgment as it pertains to liability—the timing of Deutsche Bank's acquisition of the note is the only outstanding issue. (Ex. F.) The foreclosure court has expended considerable time adjudicating issues and it makes little sense for this Court to begin anew. *Nieves*, 2015 WL 753977, at *5.

(**Factor 8**) Presence or absence of concurrent jurisdiction: Both state and federal courts have concurrent jurisdiction to adjudicate violations of the FDCPA and RESPA. *See* 15 U.S.C. § 1692k(d); 12 U.S.C. § 2614; *Nieves*, 2015 WL 753977, at *6 ("Plaintiff also could raise his federal claims in state court, as the FDCPA, RESPA and TILA grant concurrent jurisdiction in federal and state courts."); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 943 (N.D. Ill. 2005). The state court can also resolve plaintiffs' state law claims for violations of the ICFA, promissory estoppel and breach of contract. *Delaney v. Specialized Loan Servicing, LLC*, 2015 WL 7776902, at *4 (N.D. Ill. Dec. 3, 2015).

(**Factor 9**) The availability of removal: This factor favors abstention due to plaintiffs' purposeful delay in initiating this action. *Pirard*, 2013 WL 1154294, at *4-5 ("plaintiffs could have removed the foreclosure action to federal court under diversity jurisdiction, they did not; therefore, this favor weighs in favor of abstention."). The alleged facts giving rise to this action already occurred when plaintiffs appeared in the foreclosure action; yet, they made no effort to seek federal jurisdiction until an unfavorable ruling was imminent.

(**Factor 10**) The vexatious or contrived nature of the federal claim: This action was filed out of a "contrived reaction" to the foreclosure action and plaintiffs' perceived ultimate loss. *Schuller*, 2015 WL 5316413, at *5. Plaintiffs' complaint is a second attempt to accomplish what it could not in the foreclosure action. *Williams*, 2013 WL 271669, at *4 ("The timeline of these

11

cases leads us to believe that this suit is a contrived reaction to the state-court foreclosure proceeding as well as to plaintiffs' setbacks therein."). It "strikes at the very heart of the *Colorado River* doctrine" and supports abstention. *Brown v. First State Bank*, 1995 U.S. Dist. LEXIS 18895, 1995 WL 756858, at *2 (N.D. Ill. Nov. 27, 1995).

The *Colorado River* doctrine applies because both parts of the two-part test are established. *Pirard*, 2013 WL 1154294, at *4-5. This action and the foreclosure action are parallel and the factors weigh heavily in favor of abstention.

    **B.**    **This Court Should Dismiss the Majority of Plaintiffs' Individual Claims For Failure To State A Claim Upon Which Relief Can Be Granted.**

        *1.*    *Nationstar's affidavit cannot serve as the basis of an FDCPA violation.*

Plaintiffs' FDCPA claim based on the loss mitigation affidavit submitted in the state court (Doc#23 ¶¶ 87-97) is meritless because a loss mitigation affidavit cannot serve as the basis for an FDCPA claim.[4] *See Rosales v. Unifund CCR Partners*, 2008 U.S. Dist. LEXIS 98464, 2008 WL 5156681, at *2 (N.D. Ill. Dec. 5, 2008). The FDCPA "does not extend to communications that would confuse or mislead a state court judge." *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 943-44 (7th Cir. 2011). Plaintiffs seek to hold Nationstar liable for Deutsche Bank's submission of a September 17, 2016 loss mitigation affidavit in support of its motion for summary judgment. (Doc#23 ¶¶ 87-97). Plaintiffs contend the affidavit contains misleading statements about whether they were eligible and applied for certain loss mitigation programs. (*Id.*) Yet, courts analyzing FDCPA claims for allegedly misleading affidavits hold FDCPA regulations are inapposite because "misstatements in court filings

---

[4] As a general matter, Nationstar is not a party to the foreclosure proceeding and plaintiffs are precluded from arguing FDCPA liability against Nationstar as if it were. Also, to the extent plaintiffs argue any communication made prior to April 20, 2016 forms the basis of its FDCPA claim, the claim is time-barred by FDCPA's one-year statute of limitations. 15 U.S.C. § 1692k.

amount[] to 'mere technical falsehoods that mislead no one.'" *Gabriele v. Am. Home Mortgage Servicing, Inc.*, 503 Fed.Appx. 89, 95 (2d Cir. 2012) ("These filings, even if false, would not mislead the least sophisticated consumer, particularly represented by counsel, as here, into believing . . . that he was not under consideration for a program he was in mediation to address.")

Plaintiffs already challenged the veracity of the affidavit's assertions pertaining to this issue in the foreclosure action. (*See* Ex. E.) On April 25, 2017, plaintiffs filed an opposition brief/cross-motion to Deutsche Bank's motion for summary judgment. (*Id.*) Ms. Jones' certification, incorporated into plaintiffs' brief, directly seeks to discredit the affidavit's assertions about the loss mitigation programs offered to plaintiffs. (Ex. E, at Ex. A ¶¶ 30-33.) The foreclosure court, in granting summary judgment on all issues except for standing, apparently found plaintiffs' arguments to be unavailing. (Ex. F.) Moreover, state law, not the FDCPA, regulates the actual contents of complaints, affidavits, and other papers filed in state court and the FDCPA "does not so much as hint at being an enforcement mechanism for other rules of state and federal law." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). Illinois has a mechanism in place for challenging affidavits and plaintiffs should not be permitted to run to federal court to relitigate this issue.

### 2. Plaintiffs' RESPA claim fails because Nationstar complied with the statute and Plaintiffs lack damages.

Plaintiffs' RESPA claim should be dismissed because Nationstar satisfied its obligations under the statute. RESPA requires a servicer receiving a qualified written request to respond within a specified time-frame by making the proper corrections or providing an explanation as to why the correction cannot be made. To state a viable claim under Section 2605(e), a claimant must plead: (1) their correspondence met the requirements of a qualified written request; (2) the

13

servicer failed to make a timely response; and (3) this failure caused actual damages. 12 U.S.C. § 2605(e); *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 241-42 (5th Cir. 2014).

Plaintiffs' purported qualified written request requested information about the status of the deed in lieu of foreclosure.[5] (*See* Doc#23 ¶¶ 98-116). Under RESPA, a servicer is required to provide the borrower with a "written explanation or clarification that includes . . . a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer." 12 U.S.C. § 2605(e)(2). The response must be made within thirty days of receipt. 12 U.S.C. § 2605(e)(2). "Section 2605(e)(2)(B) requires only that the loan servicer provide "a statement of the reasons for which the *servicer believes*' the accounting is correct. *Vassalotti v. Wells Fargo Bank, N.A.*, 732 F.Supp.2d 503, 509 (E.D. Pa. 2010) (emphasis added). A reasonable explanation of the servicer's belief is sufficient, even if it is later determined the belief is erroneous. *Id.*

As plaintiffs concede, Nationstar responded to the December 23, 2014 qualified written request on December 31, 2014 explaining, as it had previously explained to plaintiffs, a title concern precluded completion of the deed in lieu of foreclosure. (Doc#23 ¶¶ 105, 110, 114.) Nationstar's response satisfied RESPA's timeliness and substance requirements. 12 U.S.C. § 2605(e)(2). Based on plaintiffs' own allegations, there is no RESPA violation for which Nationstar can be liable. *See Koniecka v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 42675, 2012 WL 1049910, at * 2 (N.D. Ill Mar. 28, 2012).

Plaintiffs' RESPA claim also fails because plaintiffs failed to allege actual damages resulting from the alleged RESPA violation. *See Konieczka, 2012 WL 1049910*, at *2-4. Servicers are only "liable to the borrower for each such failure [for] . . . any actual damages to

---

[5] The email is not a qualified written request because it was not sent to the designated address. 12 CFR § 1024.35(c); *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 181 (2d Cir. 2014).

14

the borrower *as a result of the failure*." 12 U.S.C. § 2605(f)(1)(A) (emphasis added). Although plaintiffs list purported damages (Doc#23 ¶ 114), it defies logic to attribute any of these damages to Nationstar's response to the qualified written request itself. 12 U.S.C. § 2605(f)(1)(A); *Byrd*, 407 F. Supp. 2d at 946.

### 3. Plaintiffs' promissory estoppel claim is barred because it is based on a contract.

Plaintiffs' promissory estoppel claim is barred because it is based on an enforceable contract. "[O]nce it is established, either by an admission of a party or by a judicial finding, that there is in fact an enforceable contract between the parties, then a party may no longer recover under the theory of promissory estoppel." *Prentice v. UDC Advisory Services, Inc.*, 271 Ill.App.3d 505, 512 (1995); *Wagner Excello Foods, Inc. v. Fearn Int'l, Inc.*, 235 Ill.App.3d 224, 237 (1992). Even though plaintiffs go out of their way not to identify the surrender of possession agreement by name, plaintiffs concede its promissory estoppel claim is based on the fully executed agreement. (Doc#23 ¶¶ 156, 158; Doc#23-3.) The agreement, which plaintiffs acknowledge signing (Doc#23 ¶ 158) and attached to the complaint as Exhibit C, sets forth all the terms in which plaintiffs purport to have relied (Doc#23-3.) The agreement precludes plaintiffs from asserting a promissory estoppel claim. *Prentice*, 271 Ill.App.3d at 512.

## IV. CONCLUSION

This Court should dismiss this action with prejudice for lack of jurisdiction and because each cause of action in Counts I, II, and V, as further identified above, fails to state a claim upon which relief can be granted.

Dated: November 1, 2017

Respectfully submitted,

NATIONSTAR MORTGAGE LLC and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST,

                                              MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-AR1

                                              s/ Molly E. Thompson

Harry N. Arger                             One of its Attorneys
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Dr., Suite 2300
Chicago, Illinois 60606
312.876.1700 (phone)
312.627.2302 (fax)

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2017, I electronically filed the foregoing **Memorandum in Support of Its Motion to Dismiss or, in the Alternative, Stay Plaintiffs' First Amended Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

*Attorneys for Plaintiffs*
Lance A. Raphael
Craig R. Frisch
The Consumer Advocacy Center, P.C.
180 W. Washington, Suite 700
Chicago , IL 60602
(312) 782-5808
(312) 377-9930 (fax)
lance@caclawyers.com
craig@caclawyers.com

*Attorney for Plaintiffs*
Stacy Michelle Bardo
Bardo Law, P.C.
22 W. Washington St., Suite 1500
Chicago , IL 60602
(312) 219-6980
(312) 219-6981 (fax)
stacy@bardolawpc.com

*Attorneys for Plaintiffs*
Christopher D. Kruger
Werner W. Gruber
Kruger & Gruber, LLP
500 N. Michigan Ave., Suite 600
Chicago , IL 60611
(773) 663-4949
(773) 268-7064 (fax)
chris@krugerandgruber.com
werner@krugerandgruber.com

*Attorneys for Defendant Mortgage Contracting Services, LLC*
Geoffrey A. Belzer
Olivia M. Smith
55 W. Monroe St., Suite 3800
Chicago , IL 60603
312-704-0550
geoffrey.belzer@wilsonelser.com
olivia.smith@wilsonelser.com

s/Molly E. Thompson