# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CEDRIC IVEY and PATRICIA JONES, | ) |
| Plaintiffs, | ) Case No. 17-cv-2986 |
| v. | ) Judge Sharon Johnson Coleman |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-AR1, NATIONSTAR MORTGAGE LLC, and MORTGAGE CONTRACTING SERVICES, LLC | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiffs, Cedric Ivey and Patricia Jones, bring this action against Deutsche Bank National Trust Company, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-AR1 ("Deutsche Bank"), Nationstar Mortgage LLC ("Nationstar"), and Mortgage Contracting Services, LLC ("MCS"), alleging that the defendants violated the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act, and engaged in trespass and breach of contract. Defendants Deutsche Bank and Nationstar now move to dismiss the plaintiffs' complaint for lack of subject-matter jurisdiction or, alternatively, to dismiss portions of the plaintiffs' claims for failure to state a claim. For the reasons set forth herein, that motion [35] is denied and Count II is voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**Background**

The following facts are taken from the plaintiffs' amended complaint, and are accepted as true for the purposes of the present motion. In 2005, Ivey executed an adjustable rate note for the

1

purchase of a property, which was secured by a mortgage executed by both plaintiffs. Under the note and mortgage, Argent Mortgage Company, LLC was both the lender and the morgagee. The loan was securitized and sold to the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-AR1 ("the Trust"), with Deutsche Bank as Trustee. By 2009, Bank of America had become the servicer of the loan. On August 1, 2011, Deutsche Bank initiated a foreclosure action against the plaintiffs. The plaintiffs filed for bankruptcy the next day. While the bankruptcy proceeding was pending, Argent Mortgage purportedly assigned Deutsche Bank its interest in the mortgage, despite having ceased to exist years prior. In January 2013, the plaintiffs applied to Bank of America for a loan modification. On July 5, 2013, Bank of America transferred its servicing rights to Nationstar. Nationstar offered the plaintiffs a trial period plan, which the plaintiffs complied with. Nationstar and the plaintiffs subsequently executed a Home Affordable Modification Agreement, under which Nationstar was identified as the lender or servicer.

Unfortunately, the plaintiffs were unable to meet their monthly payments under the modification agreement. Nationstar offered the plaintiffs a deed in lieu of foreclosure. The plaintiffs accepted, and Nationstar informed the plaintiffs that they had been conditionally approved for the deed in lieu and should execute the required documents and vacate the property. Nationstar send the plaintiffs a surrender of possession agreement, pursuant to which the plaintiffs would receive $14,000 in exchange for vacating the property by December 15, 2014. The plaintiffs completed the agreement and moved out of the property on time. Unfortunately, Nationstar subsequently discovered that, due to an improperly recorded assignment, it could not clear the title to the property. Nationstar accordingly informed the plaintiffs that it could not complete the deed in lieu, and that it would not compensate them for their reliance on Nationstar's representations to the contrary.

Despite this turn of events, in February 2015 Deutsche Bank initiated another foreclosure action against the plaintiffs. In an affidavit filed in connection with the foreclosure, Nationstar represented that the plaintiffs' mortgage "was, is, or may be" eligible for a HAFA deed-in-lieu of foreclosure and that the plaintiffs did not apply for a HAFA deed-in-lieu of foreclosure. While that case was pending, and while the plaintiffs were residing in the Property, MCS entered the Property, winterized the property, changed the locks, and disposed of the plaintiffs' possessions.

The plaintiffs subsequently brought this action, which is primarily premised on the circumstances surrounding the failed attempt to execute the deed-in-lieu of foreclosure and MCS's allegedly improper winterization of the plaintiffs' home. MCS filed a motion to dismiss for failure to state a claim, which this Court addresses in a separate order. The remaining defendants filed the present motion.

**Legal Standard**

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental question of whether a federal district court has subject-matter jurisdiction over the action before it. Fed. R. Civ. P. 12(b)(1); *see, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (2012). In evaluating a motion brought under Rule 12(b)(1), the court accepts as true the plaintiff's well-pleaded allegations and draws all reasonable inferences in favor of the nonmoving party. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The court, however, may also look beyond the allegations and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction actually exists. *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

**Discussion**

The defendants first contend that the plaintiffs' amended complaint must be dismissed, or alternatively that this case must be stayed, under the *Colorado River* abstention doctrine. It is generally the case that a pending action in state court does not bar federal proceedings concerning the same matter. *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 645 (7th Cir. 2011) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). A narrow exception to this rule, however, permits federal courts to defer to concurrent state-court cases in exceptional circumstances where the "clearest of justifications" warrant surrendering federal jurisdiction in the interests of conserving judicial resources and comprehensively disposing of litigation. *Colorado River*, 424 U.S. at 817, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

In order for abstention under *Colorado River* to be appropriate, the Court must first determine that the concurrent federal and state actions are parallel. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011). Cases are considered to be parallel when they involve "substantially the same parties" "contemporaneously litigating substantially the same issues." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (quoting *Interstate Material Corp. v. City of Chicago*, 847 F.3d 1285, 1288 (7th Cir. 1988)); *see also Tyrer v. City of S. Beloit*, 456 F.3d 744, 752 (7th Cir. 2006) ("Among other things, to determine whether two suits are parallel, a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues."). The key question is whether it is substantially likely that the state litigation will dispose of all of the claims presented in the federal case. *Huon*, 657 F.3d at 646.

The defendants argue that the pending foreclosure action against the plaintiffs is parallel to this action because both cases turn on Deutsche Bank's capacity to foreclose and because the claims at issue here were raised by the plaintiffs as affirmative defenses in the state court case. Deutsche Bank's capacity to foreclose, however, is unrelated to the majority of the plaintiffs' claims here, which concern either MCS's improper winterization of the property or Nationstar and Deutsche Bank's conduct at the time the deed in lieu was offered. The evidence before this Court, moreover, does not establish that the plaintiffs attempted to raise the claims asserted here as defenses in the state court action. The defendants have accordingly failed to establish that the pending state court action is parallel to this one, and have therefore failed to demonstrate that exceptional circumstances justify abstention under *Colorado River*.

The defendants alternatively contend that, if abstention is unwarranted, the majority of the plaintiffs' claims should be dismissed for failure to state a claim. As an initial matter, the Court notes that the plaintiffs have voluntarily dismissed their RESPA claims contained in Count II

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). The defendants' arguments concerning that count are therefore moot.

The defendants argue that the plaintiffs have failed to state a claim against Nationstar under the FDCPA. The plaintiffs' FDCPA claim is based on section 1692e, which prohibits debt collectors from using false, deceptive, or misleading representations in connection with the collection of any debt. 15 U.S.C. § 1692e. Here, the plaintiffs allege that Nationstar violated section 1692e by submitting a false loss mitigation affidavit in state court. Specifically, the plaintiffs allege that Nationstar's affidavit misrepresented that the plaintiffs were eligible for a HAFA deed-in-lieu of foreclosure and that they did not apply for that loss mitigation option.

The Seventh Circuit has recognized that statements made in the course of litigation can be actionable under the FDCPA so long as they mislead or influence the actions of consumers. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016). Misleading statements to judges are not actionable under the FDCPA. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 944 (7th Cir. 2011). The plaintiffs here have adequately alleged that that the judicial representations in question misled them as to the availability of a deed-in-lieu at the time of the affidavit's filing and have therefore stated a claim under section 1692e.

The defendants also contend that the plaintiffs' promissory estoppel claim is barred because it is based on a contract. "[O]nce it is established, either by an admission of a party or by a judicial finding, that there is in fact an enforceable contract between the parties . . . , then a party may no longer recover under the theory of promissory estoppel." *Prentice v. UDC Advisory Servs., Inc.*, 648 N.E.2d 146, 150, 271 Ill.App.3d 505 (1995). The defendants contend that the executed surrender of possession agreement, which the plaintiffs acknowledge signing and have attached to their complaint, precludes their promissory estoppel claim. Here, however, the defendants have not conceded the validity of the possession agreement. Accordingly, this Court holds that the plaintiff's

6

promissory estoppel claim is properly pled in the alternative given the present posture of the case. *See MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 792 (N.D. Ill. 2010) (Gottschall, J.) ([S]o long as the existence and validity of a cont[r]act remain in dispute, quasi-contractual claims, such as promissory estoppel, may still be pled as alternatives.").

**Conclusion**

For the foregoing reasons, Count II is voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and the defendants' motion to dismiss [35] is denied in all other respects.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 5/1/2018